## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEEPIKNA GONA,

    *Plaintiff,*

v.

                                 Case No. 1:20-cv-3680-RCL

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

    *Defendant.*

### MEMORANDUM ORDER

Before the Court are defendant United States Citizenship and Immigration Services' (USCIS) motion [15] to stay proceedings or to extend the LCvR 7(n)(1) deadline and the parties' Rule 16(b) report [17]. The Court addresses these items in turn.

## I.   STAY OF PROCEEDINGS

The agency asks the Court to stay proceedings for sixty days to allow it time to complete adjudication of plaintiff Deepikna Gona's applications.

The Court has "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In exercising that discretion, the Court must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, w, 733 (D.C. Cir. 2012) (quotation marks and citations omitted) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). The movant bears the burden of establishing its need for a stay. *Clinton*, 520 U.S. at 708. If a stay may harm another party, the movant "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

1

The Court has no doubt that Ms. Gona suffers harm each day she waits—without the ability to work—for the agency to process her applications. Accordingly, the agency must demonstrate clearly that it would suffer hardship or inequity absent a stay. This it cannot do. The agency's case for a stay is rooted entirely in efficiency concerns; however, engaging in potentially unnecessary litigation for a few weeks does not pose nearly the same hardship as an inability to lawfully work for the same period of time. Thus, the agency is not entitled to a stay.

## II.   EXTENSION OF DEADLINES

In the alternative, the agency seeks a three-week extension of its deadline to file an index of the administrative record, as required by LCvR 7(n)(1).

As the agency sought the extension before the deadline lapsed, it must demonstrate good cause to be accorded additional time. Fed. R. Civ. P. 6(b)(1)(A). The agency says it "will need additional time to produce a certified list of the administrative record documents pertaining to the agency actions and inactions that are raised in the Complaint," Def.'s Mem. 4, ECF No. 15-1, but does not explain why it needs additional time. A conclusory statement of unavoidable delay does not constitute good cause to extend a deadline. The agency also says that "because Plaintiff's counsel has filed cases raising essentially identical claims in other judicial districts, the contents of the administrative records must be coordinated among attorneys and agency officials responsible for handling the other cases, as well." *Id.* The Court struggles to see why parallel suits should slow the process of producing the administrative record. The record supporting an agency regulation is static. Indeed, if anything, the existence of parallel litigation in a more advanced posture should lessen the work the agency must complete in this case. Nevertheless, because Ms. Gona has not expressly opposed this extension and because an extension is unlikely to prejudice Ms. Gona or hinder the fair administration of justice, the Court will allow the agency

the extension it seeks. *See Day v. D.C. Dep't of Consumer & Regul. Affs.*, 191 F. Supp. 2d 154, 160 (D.D.C. 2002).

### III.   DISCOVERY

In their Rule 16(b) report, the parties disagree about whether discovery is appropriate in this case. The Court need not parse all of their arguments because the resolution of this dispute is quite simple.

Ms. Gona is entitled to conduct discovery on her unreasonable delay claim because resolving that claim requires careful analysis of her specific factual circumstances. *See Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). Indeed, the Court cannot decide this claim based solely on the administrative record because agency inaction generally does not produce a record at all. *See Nat'l L. Ctr. on Homelessness & Poverty v. Dep't of Veterans Affs.*, 842 F. Supp. 2d 127, 130 (D.D.C. 2012); *see also, e.g.*, Mot. for Relief from LCvR 7(n) at 2, *Addala v. Cuccinelli*, No. 20-cv-2460-RCL, ECF No. 8 (acknowledging that USCIS does not have administrative record prior to visa adjudication). More importantly, an isolated administrative record would not allow the Court to determine whether the agency adheres to a rule of reason in adjudicating visa applications. Discovery is necessary to resolve Ms. Gona's inaction claim.

Ms. Gona is not entitled to conduct discovery, as it appears both parties agree, to support her APA challenge to the agency regulation. In a challenge to final agency action, judicial review is ordinarily limited to the administrative record in existence at the time of the agency's decision. *Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C.Cir.2007) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743(1985)).

## IV.   CONCLUSION

For the reasons stated above, the motion is **GRANTED IN PART** insofar as it seeks an extension of the LCvR 7(n)(1) deadline and **DENIED IN PART** insofar as it seeks a stay of proceedings. The agency's deadline to produce an index of the administrative record is extended, *nunc pro tunc*, to April 5, 2021.

Additionally, the parties shall adhere to the following deadlines:

| | | |
|---|---|---|
| • | Discovery deadline | May 10, 2021 |
| • | Plaintiff's motion for summary judgment due | May 17, 2021 |
| • | Defendant's combined cross-motion for summary judgment/ opposition due | May 31, 2021 |
| • | Plaintiff's combined response/reply due | June 7, 2021 |
| • | Defendant's reply due | June 14, 2021 |
| • | Joint appendix of administrative record due | June 28, 2021 |

**IT IS SO ORDERED.**

Date:   4/1/21

Royce C. Lamberth
United States District Judge